MICHAEL WAYNE AMOS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Amos v. Commissioner
Docket Nos. 2473-83, 21066-83.
United States Tax Court
T.C. Memo 1985-133; 1985 Tax Ct. Memo LEXIS 500; 49 T.C.M. (CCH) 1013; T.C.M. (RIA) 85133; March 25, 1985. Michael Wayne Amos, pro se. David G. Hendricks, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax for the taxable year 1980 in the amount of $620.80, and for the taxable year 1981 in the amount of $1,302.52. After concessions, the issue for decision is whether the petitioner is required to report as income amounts paid to him by the U.S. Postal Service as reimbursement of expenses under a Highway Transportation Contract. FINDINGS OF FACT Some of the facts have *501 been stipulated. The stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. Michael Wayne Amos (petitioner) was a resident of Walnut Shade, Missouri, at the time the petition in this case was filed. Petitioner filed Federal income tax returns for the taxable years 1980 and 1981 with the Internal Revenue Service Center, Kansas City, Missouri. During the taxable years in issue, petitioner delivered mail for the U.S. Postal Service as a contractor operating under a Highway Transportation Contract. During the taxable year 1980, petitioner received a total of $10,083.30 from the U.S. Postal Service, which included the amount of $4,047 for contractor's wages, and the amount of $6,016.30 for operational and fuel costs. During the taxable year 1981, petitioner received a total of $11,895 from the U.S. Postal Service, which included the amount of $5,509.20 for contractor's wages, and the amount of $6,385.80 for operational and fuel costs. The payments for operational and fuel costs for both taxable years were based upon contract-related mileage of 18,548.27 miles per year. Petitioner reported only the contractor's wages as income on his *502 Federal income tax returns for the taxable years 1980 and 1981. He neither reported the payments for costs, nor deducted any expenses of operating his automobile for business purposes. On November 17, 1982, the Commissioner issued a statutory notice of deficiency to petitioner for the taxable year 1980, in which the Commissioner determined that the amounts received for operational and fuel costs should have been reported as income. The Commissioner allowed a deduction for automobile expenses in the amount of $3,500 as an ordinary and necessary business expense. On May 2, 1983, the Commissioner issued a statutory notice of deficiency to petitioner for the taxable year 1981, in which the Commissioner again determined that the amounts received for operational and fuel costs should have been reported as income. The Commissioner did not allow any deduction for automobile expenses. The two cases were consolidated for purposes of trial, briefing, and opinion by order dated November 17, 1983. At trial, respondent conceded automobile expenses in the amount of $3,500 for the taxable year 1981 if the operational and fuel costs payments are reported as income. OPINION The Commissioner's *503 determinations in his statutory notices of deficiency are presumptively correct, and petitioner has the burden of proof on each adjustment. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). [1]
After concessions, the issue for decision is whether the petitioner is required to report as income amounts paid to him by the U.S. Postal Service as reimbursement of expenses under a Highway Transportation Contract. In petitioner's pleadings and testimony he contended that his expenses exceeded the payments received for operational and fuel costs, and that he, therefore, received no income other than the contractor's wages. Petitioner provided no substantiation of automobile expenses in excess of the $3,500 allowed by respondent for each of the taxable years at issue. Gross income under section 61(a), is defined as "all income from whatever source derived," except as otherwise provided by law. Unless specifically excluded by another provision *504 of the Internal Revenue Code, all income is subject to tax. Commissioner v. Glenshaw Glass Co.,348 U.S. 426, 430 (1955). It is also well established that expense reimbursement in excess of actual expenses constitutes taxable income. Secs. 1.162-17(b)(2) and 1.162-17(c), Income Tax Regs.
The payments for operational and fuel costs are, therefore, income, although they can be offset by allowable expenses of operation and fuel costs in the amount less than, equal to, or greater than the payments for those expenses. Secs. 1.162-17(b) and (c), Income Tax Regs.Respondent has conceded expenses in the amounts of $3,500 for each of the taxable years at issue, and etitioner has failed to provide any evidence of expenses in excess of those amounts. The Commissioner's determination is, therefore, sustained for both taxable years, 1980 and 1981. We advise petitioner that ordinary and necessary business expenses must be fully substantiated under section 162 if he is to be allowed to offset such deductions against his income from the contract for the taxable years hereafter. Sec. 1.162-17(d), Income Tax Regs.
Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, and attendant regulations as amended and in effect for the relevant years, and all rule references are to this Court's Rules of Practice and Procedure.↩